UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James M. Campbell, et al.,                          Case No. 3:13-cv-02675

           Plaintiffs

      v.                                             MEMORANDUM OPINION
                                                                 AND ORDER

Citibank, NA, et al.,

           Defendants

## INTRODUCTION

Defendants Citibank, N.A., et al., seek an order staying the claims of Plaintiffs James M. and Cathy Ann Campbell related to lender force-placed insurance. (Doc. No. 16). Defendants assert these claims are covered by a nationwide class action in the Northern District of New York, where the district judge recently expressed his preliminary approval of a proposed settlement agreement. (*See* Doc. No. 29). The Campbells object to Defendants' request for a stay on the grounds that Defendants have failed to carry their burden of proof and a stay would prejudice their rights. (Doc. No. 19). For the reasons stated below, all discovery and proceedings in this action will be stayed until further order of this Court.

## BACKGROUND

The Campbells allege Defendants illegally forced them to maintain flood insurance on their home in excess of the requirements of their mortgage agreements and federal law. They assert Defendants did this in order to obtain guaranteed kickbacks and commissions from certain affiliated companies through the force-placement of flood insurance policies. (Doc. No. 1 at 8-12).

Defendants allegedly engaged in this conduct against mortgagors throughout the country. The Campbells seek to represent a class of Ohio borrowers who Defendants allegedly injured through their conduct. (Doc. No. 1 at 12).

The Campbells are not the first plaintiffs to bring a class action complaint against Citibank and its affiliates. This action marks at least the sixth class action filed concerning Citibank's force-placed insurance practices since 2012. (*See* Doc. No. 19 at 5 n.2). What makes this case distinct, according to the Campbells, is that it is the only one brought strictly on behalf of Ohio mortgagors instead of on behalf of a nationwide class. They allege claims for violation of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), as well as state law claims for breach of contract, breach of the implied duty of good faith and fair dealing, and unjust enrichment.

## ANALYSIS

Defendants argue this litigation should be stayed because they have negotiated a settlement agreement in a case captioned *Casey et al. v. Citibank, N.A., et al.*, in the Northern District of New York, which has received the district court judge's preliminary approval. (Doc. No. 29-1). Courts have the inherent power to stay litigation as part of their authority to manage and control their dockets, and judges may exercise their discretion to grant requests for stays. *Ohio Envtl. Council v. U.S. Dist. Ct., Southern Dist. of Ohio, Eastern Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). Stays may be used to further the foundational principle of avoiding duplicative litigation. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also in re Am. Med. Sys.*, 75 F.3d at 1088 ("The waste of judicial resources due to duplicative proceedings is plain and is not correctable on appeal."). Judge Hurd has ordered the preliminary certification of a nationwide class in *Casey* – one that includes not only Ohio borrowers but the Campbells themselves.

2

The Campbells argue a stay is inappropriate because the *Casey* settlement agreement is "infect[ed]" by "overreaching," and "is plagued by other problems that will prevent its approval or delay final approval for years . . . ." (Doc. No. 19 at 11). As the Campbells implicitly concede, these claims belong in the Northern District of New York. (*See* Doc. No. 19-1). Judge Hurd is in a far better position than I to determine the fairness and appropriateness of the settlement agreement, based on the facts and arguments before him in the *Casey* litigation.

Moreover, the Campbells fail to show they would be prejudiced by a stay. Judge Hurd has set a final approval hearing for August 1, 2014. If the Campbells are correct that the *Casey* settlement is "wholly illusory," Judge Hurd will be able to quickly take appropriate steps to protect the rights and interests of the class members. (*See* Doc. No. 19 at 15).

Defendants assert they seek "only to stay [the Campbells' lender-placed insurance] claims and are not seeking to stay [their] 'voluntary insurance' claims." (Doc. No. 16 at 6 n.2). The Campbells allege, however, that they "voluntarily" purchased additional flood insurance only after Defendants improperly force-placed flood insurance in excess of the requirements of their mortgage and federal law. Thus, the Campbells' voluntary insurance claims are factually and legally intertwined with their force-placed insurance claims. I conclude that, at this stage, it is appropriate to stay all discovery and motion practice while the Campbells pursue their objections to the *Casey* settlement agreement in the Northern District of New York.

For the same reasons, I also conclude that ruling on Defendants' motion to dismiss, (Doc. No. 15), would be improper at this time. Therefore, the motion to dismiss is denied, with leave to refile after Judge Hurd rules on the parties' motion for final approval of the *Casey* settlement or the Campbells opt-out of the nationwide class.

3

**CONCLUSION**

For the reasons stated above, Defendants' motion to stay, (Doc. No. 16), is granted. Defendants' motion to dismiss, (Doc. No. 15), is denied with leave to refile. This case is stayed pending resolution of the final approval motion in *Casey et al. v. Citibank, N.A., et al.*

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
